**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **RONALD FONTANES,** | ) | CASE NO. 7:17CV00174 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **DENNIS LEE HUPP,** *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | Senior United States District Judge |

Plaintiff, proceeding *pro se*, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983. Plaintiff asserts three claims regarding the alleged unlawful withholding of post-conviction DNA testing. Because Plaintiff's complaint does not, and cannot be amended to, state a cognizable § 1983 claim, I conclude that this action should be dismissed with prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

I.

In 2001, the Shenandoah County Circuit Court entered a judgment convicting Fontanes of several felonies and sentenced him to an active term of fifty-three years' imprisonment. His direct and collateral appeals were unsuccessful. On November 8, 2013 Fontanes filed a motion pursuant to Va. Code § 19.2-327.1 in the circuit court, requesting DNA testing of hair found on a white glove at the crime scene. He argued that the DNA test would exonerate him because the hair on the glove was brown, but his hair was black. On October 31, 2014, the circuit court denied Fontanes' motion after the Commonwealth filed its response.[2] On federal habeas review,

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a government entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

[2] Initially, the trial court declined to address Fontanes' motion because he failed to follow proper procedure under Va. Code § 19.2-327.1 or serve the Commonwealth's Attorney. *See* Ex. A-C, Dkt. No. 1-1. Fontanes corrected his errors, and on December 11, 2013, the circuit court ordered the Commonwealth's Attorney to file a response within thirty days. Ex. C. When no response was received, the circuit court asked the Commonwealth's Attorney whether a response

Senior District Judge Jackson L. Kiser dismissed Fontanes' habeas claims, concluding that Fontanes' rights were not violated when the circuit court (1) allowed the Commonwealth to file a late response to his request for DNA testing; and (2) denied his request for a DNA test of the hair sample. *Fontanes v. Zook*, No. 7:15CV00404 (W.D. Va. Apr. 7, 2016).

II.

Fontanes filed his current § 1983 complaint on or about April 21, 2017. In his complaint, he asserts that Judge Hupp violated his rights by (1) allowing Commonwealth's Attorney Wisely to file a belated response to Fontanes' § 19.2-327.1 motion; and (2) for denying the motion. Further, Fontanes states that Commonwealth Attorney Wisely's belated response violated his rights. He avers the violations have unlawfully precluded him from filing a writ of actual innocence in the Supreme Court of Virginia.[3] He seeks a declaration that the actions of Judge Hupp and Commonwealth Attorney Wisely violated his rights and an injunction ordering the defendants to proceed with DNA testing.

III.

At the threshold, Fontanes' complaint does not specifically allege any conduct by either Judge Hupp or Commonwealth Attorney Wisely that violated his constitutional rights. Instead, he merely states Commonwealth Attorney Wisely's late response to his motion and Judge Hupp's denial of his request for DNA testing violated his rights. Furthermore, after a short recitation of facts and Fontanes' conclusory allegation, the "Legal Claims" section of his

---

would be filed. Ex. D. The Commonwealth's Attorney answered affirmatively, and the circuit court directed the Commonwealth's Attorney to explain the delay. Ex. E-F. The Commonwealth's Attorney explained the delay and the circuit court allowed a late response opposing Fontanes' request. Ex. G-I. The court then denied the motion. Ex. K; s*ee also Fontanes v. Zook*, No. 7:15CV00404, slip op. at 3 n.2.

[3]    Va. Code § 19.2-327.2.

complaint proceeds to quote,[4] without analysis or application, the following cases: *United States v. Inadi*, 475 U.S. 387 (1986) (¶¶ 1-4 of his complaint); *Mooney v. Holohan*, 294 U.S. 103 (1935) (¶¶ 5-7); *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987) (¶¶ 8-12); *Brady v. Maryland*, 373 U.S. 83 (1963) (¶¶ 13-15); and *Dist. Atty's Office for Third Jud. Dist. v. Osborne*, 557 U.S. 52 (2009) (¶¶ 16-24).

Regardless, Fontanes has not presented a cognizable claim, because "a state-court decision is not reviewable by lower federal courts" as a civil rights claim under § 1983. *Skinner v. Switzer*, 562 U.S. 521, 532-33 (2011). In *Switzer*, the Supreme Court explained that, although state prisoners may pursue § 1983 actions to challenge postconviction statutes in federal court, the *Rooker-Feldman* doctrine[5] bars state prisoners from using § 1983 to challenge underlying state court decisions. *Id.* at 530-34 ("Skinner does not challenge the adverse [Court of Criminal Appeals] decisions themselves; instead, he targets as unconstitutional the Texas statute they authoritatively construed."). Here, Fontanes challenges Commonwealth Attorney Wisely's belated response and the underlying state court decisions[6] that granted leave to file a belated response and denied Fontanes' motion. Therefore, I lack subject-matter jurisdiction to review his claim.

---

[4] Besides the addition of "Exhibit A thru K" at the end of ¶¶ 14-17, 19, 20-22, and 24, Fontanes only adds short sentence fragments noting a citation in ¶¶ 16 and 23. Otherwise, the entirety of his "Legal Claims" section is direct quotations from cases with no attempt to relate or apply the law to his claim.

[5] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine bars a losing party in state court from filing suit in a federal district court after the state proceedings end, complaining of an injury caused by the state-court judgment and seeking federal court-review and rejection of that judgment. *See Skinner*, 562 U.S. at 531. The federal court may not review such a case for lack of subject-matter jurisdiction. *Id.* at 531-32.

[6] In Fontanes' filings, I cannot find a constitutional challenge to Va. Code § 19.2-327.1 either on its face or as construed by the circuit court; thus, I will not address the arguments.

To the extent that Fontanes' claim could be construed as a violation of due process, Fontanes claim must similarly fail. As Judge Kiser stated in Fontanes' latest habeas opinion, "[T]here is no substantive due process right to post-conviction DNA testing." *Fontanes v. Zook*, No. 7:15CV00404, slip op. at 6 (citing *Osborne*, 557 U.S. at 72). Further, Fontanes has not demonstrated that the Shenandoah County Circuit Court's adjudication of his § 19.2-327.1 motion "offend[ed] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental" or "transgresse[d] any recognized principle of fundamental fairness in operation." *Osborne*, 557 U.S. at 69. Fontanes has not alleged any facts supporting such a claim.

Accordingly, the action is **DISMISSED WITH PREJUDICE** and is **STRICKEN** from the active docket of the court.

The Clerk is directed to send a copy of this Order to plaintiff.

ENTER: This __18th__ day of June, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE